·(36 Misc. Rep. 549.)

## LEO v. LEYSER et al.

(Supreme Court, Appellate Term. December, 1901.)

ATTORNEY AT LAW—COMPENSATION.

      Where an attorney at law, through negligence or inexperience, performs useless labor, he cannot recover therefor, nor can he recover for services in an action wherein special evidence is necessary by statute, where he has failed to first ascertain the existence of such evidence.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Leopold Leo against Charles Leyser and Joseph Leyser. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Palmer & Fagan, for appellants.

Robert P. Orr, for respondent.

MacLEAN, J. On July 27, 1899, the defendants executed an ·agreement to employ the plaintiff as their attorney at law on the subject of their claim to the premises 213 East 121st street, in the borough of Manhattan, promising to pay him 20 per cent. of the property recovered by litigation after a trial, and 10 per cent. thereof in the event of a settlement before trial. The plaintiff in the same instrument agreed that, in the event of a failure to recover said property, the defendants should not be responsible to him in any sum whatsoever, for services or otherwise. No settlement was arrived at, nor was there any recovery, though there was a trial.

Though the contract was entire, and he had failed to perform,

the plaintiff contended that an action would lie upon a quantum meruit because of two exceptions to the general rule,—because (1) the defendants had incapacitated him and themselves from going on with an appeal by notifying him to proceed no further and giving releases; and (2) because defendants had derived benefits from his work under such circumstances as to raise an implied promise to pay for it, in that their mother had been induced by the proceedings against her to bequeath them $1,500 apiece in a will made soon after the giving of the releases, and the consequent discontinuance of the action brought by the plaintiff in their name. So he brought this action, and recovered $500. He did not show himself entitled to anything. His complaint should have been dismissed.

The claim of the defendants to 213 East 121st street, as stated for them, upon information and belief, by the plaintiff, was that their late father, Christian Leyser, with Bridget, his wife, had conveyed the premises to one William Leyser, who, with his wife, had conveyed them to Bridget, all pursuant to an agreement whereby the record title was to be in the said William, and thereafter in the said Bridget, but the title of Christian in fee to the realty was not to be affected thereby. The conveyances were made and recorded in the months of April and August, inclusive, 1878. After some consultations with the brothers, the agreement was made on the day first mentioned, and the next day the lawyer "looked up the law and drafted complaint," which was verified July 31, 1899. The trial came off on April 25, 1900. The present plaintiff, counsel for these defendants as plaintiffs there, opened by orally stating the facts alleged in their complaint. Then he was asked, "Is the agreement referred to in the third paragraph in writing?" "No, sir," he replied. Thereupon followed a motion to dismiss the complaint, and, the facts being agreed to, it was granted, as it was the duty of the learned court to do under the statute.

After that action had so broken down the plaintiff could recover nothing for his "services" therein, whatever those who employed him did in it; for if an attorney at law, through inadvertence or inexperience, does useless work, he cannot recover remuneration, i. e., reward for useful labor (Hill v. Featherstonhaugh, 7 Bing. 569), nor can he recover if he commences an action wherein special evidence is made necessary by statute, without having first ascertained the existence of what the statute requires (Long v. Orsie, 18 C. B. 610, 6 Law J. C. P. 127).

The attempt to support the second exception was likewise futile. In the testimony were made and contradicted some statements tending to show admission by defendants that, after the trial and because of the litigation, inducing promises were made them of remembrances in their mother's will. The services, so called, of the plaintiff could not have been reasonably any consideration for the testamentary remembrances. Unfounded litigation is used often enough to obtain money when it arouses apprehension. Here, however, the will was made over eight months after the unfilial claim had ceased to be even a bugbear; it was made also under the aus-

pices of the capable counsel who had effectively disposed of the serv-ices. The judgment should be reversed. All concur.

Judgment reversed, and new trial ordered, with costs to appellants to abide event.